UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **GUIDRY & BEGNAUD DEVELOPMENTS, LLC** | **CIVIL ACTION NO. 07-2192** |
| **VS.** | **JUDGE MELANÇON** |
| **HOULIHAN SMITH & CO. INC.**<br>**ALLIANCE COMMERCIAL CAPITAL** | **MAGISTRATE JUDGE METHVIN** |

*REPORT AND RECOMMENDATION*
*ON MOTION TO DISMISS*
*(Rec. Doc. 9)*

Before the court is a Motion to Dismiss filed by Alliance Commercial Capital, seeking dismissal because of lack of subject matter jurisdiction and improper venue. Plaintiff opposes the motion.[1]

For the reasons set forth below, it is recommended that defendant's motion to dismiss be **DENIED.**.

*Background*

The following facts are not in dispute for the purposes of the instant motion: In November, 2006, plaintiff engaged defendant Houlihan Smith & Company to conduct a comprehensive analysis of plaintiff's business operations.[2] Subsequently, plaintiff authorized Houlihan to prepare a Business Foundation Report for plaintiff to use in acquiring funding for a

---

[1] Rec. Doc. 15.

[2] Rec. Doc. 1.

2

construction contract in Iberia Parish, Louisiana.[3]  Plaintiff informed Houlihan that it required funding in the amount of at least $4 million in order to begin the project.[4]

On January 4, 2007, plaintiff entered into a contract with Houlihan for representation and assistance in identifying prospective parties who would provide financing and funding for the construction venture.  Houlihan directed plaintiff to use the services of defendant/mover Alliance in obtaining funding for the project.[5]  Houlihan allegedly informed Alliance of plaintiff's $4 million funding requirements.

On January 3, 2007, plaintiff and Alliance entered a contract in which Alliance agreed to begin its credit approval process in connection with raising funding collateral for plaintiff of $1.5 million.[6]  Plaintiff's equipment would be used as collateral to any funding provided by Alliance.[7]  The Alliance contract required plaintiff to provide a $10,000 good faith deposit, which was to be refunded if Alliance did not obtain credit approval for plaintiff's funding.

Houlihan and Alliance only raised $1.2 million in financing.  Alliance has refused to refund plaintiff's $10,000 good faith deposit.  On December 20, 2007, plaintiff filed suit for breach of contract in this court alleging diversity jurisdiction (Houlihan and Alliance are Illinois companies).  Plaintiff alleges that Alliance owes the good faith deposit, and that Houlihan owes a variety of damages, including fees incurred, loss of business, and attorney's fees.

---

[3] Id.

[4] Rec. Doc. 1.

[5] Rec. Doc. 15-2.

[6] Rec. Doc. 1.

[7] Rec. Doc. 15-2.

3

*Legal Analysis*

Alliance argues that plaintiff's claims should be dismissed because the requisite jurisdictional amount has not been met as to the claims against Alliance and because of improper venue.

**Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction must be granted when the court lacks the statutory or constitutional power to adjudicate the case. *See* Home Builders Ass'n of Miss., Inc., v. City of Madison, 143 F.3d 1006, 1010 (5th Cir.1998) *quoting* Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir.1996). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A district court may dismiss an action for lack of subject matter jurisdiction by reference to any one of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Robinson v. TCI/US West Communications Inc., 117 F.3d 900, 904 (5th Cir.1997); Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.1981).

Jurisdiction over matters in which the citizenship of the parties is diverse is granted to federal courts pursuant to 28 U.S.C. § 1332. The statute requires: (1) complete diversity of the parties, and (2) an amount-in-controversy that exceeds $75,000. The first element, complete diversity, requires that none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen. Strawbridge v. Curtiss, 7 U.S. 267 (1806).

4

Alliance argues that the court does not have subject matter jurisdiction over plaintiff's claims against Alliance because plaintiff's claim of $10,000 does not meet the required jurisdictional amount. Alliance maintains that, although plaintiff's claims against Houlihan may exceed the required jurisdictional amount, plaintiff has not alleged that Alliance and Houlihan are jointly liable, and therefore, plaintiff's claims against the defendants cannot be aggregated. Thus, Alliance argues that plaintiff cannot meet the $75,000 jurisdictional amount requirement for diversity jurisdiction.

Plaintiff concedes that its claims against Alliance do not meet the requisite amount. Moreover, plaintiff also asserts that it does not seek to aggregate the damages against the defendants. Rather, plaintiff argues that because the claims against Houlihan meet the jurisdictional amount, the court has jurisdiction over those claims, and supplemental jurisdiction over the claims against Alliance. Alliance did not address plaintiff's assertion that the court should exercise supplemental jurisdiction.

Title 28 U.S.C. 1367(a) authorizes courts to exercise supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III.."[8] When the complaint contains at least

---

[8] § 1367(b) and (c) provide exceptions to the exercise of supplemental jurisdiction. The exceptions are not applicable to the case at bar. § 1367(a)-(c) provides:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
> (b) In any civil action of which the district courts have original jurisdiction

one claim that satisfies the jurisdictional amount requirement, the court has original jurisdiction over that claim, and may exercise supplemental jurisdiction over other related claims. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 125 S.Ct. 2611 (2005).

Here, plaintiff's claims against Houlihan include fees of $46,250 and damages for loss of plaintiff's business opportunity to purchase and development of 130 acres in Iberia Parish. These claims clearly meet the requisite jurisdictional amount. Thus, the court has original jurisdiction over plaintiff's claims against Houlihan. The issue, therefore, is whether the court should exercise supplemental jurisdiction over the claims against Alliance.

Plaintiff's claims against Houlihan and Alliance are related. Houlihan was assisting plaintiff in obtaining funding and directed plaintiff to contact Alliance. Alliance and Houlihan communicated with each other regarding plaintiff's project and the amount of funding required. The Alliance funding proposal of $1.2 million did not meet plaintiff's requirements, and plaintiff filed suit against Houlihan for failing to assist plaintiff in obtaining the necessary funding, and

---

founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.
(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

against Alliance for failing to refund the good faith deposit when the proposed funding fell short. Thus, plaintiff's claims against the two defendants entail the same factual issues and are closely related and form part of the same controversy. The court should, therefore, exercise supplemental jurisdiction over plaintiff's claims against Alliance.

**Rule 12(b)(3)**

Alliance seeks dismissal under Rule 12(b)(3) for improper venue because the defendants do not reside in the Western District of Louisiana, the events giving rise to the claims did not occur here, and the claim could be brought in another district.

When jurisdiction is founded on diversity of citizenship, 28 U.S.C. §1391(a) applies for purposes of determining venue. Proper venue in diversity cases is in:

> 1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

There is no dispute that the defendants do not reside in the Western District of Louisiana.

Alliance argues that the events giving rise to plaintiff's claims did not occur here. This argument is unpersuasive. The contract between Alliance and plaintiff dealt with procurement of funding for a construction project in Iberia Parish, which is in the Western District of Louisiana. Further, the collateral used for the funding was located in Lafayette, which is also in this district. Moreover, negotiation of the contract was performed in part from plaintiff's office in Lafayette. Although the contract states that it is performed in the State of Illinois, it is clear that events giving rise to plaintiff's claim against Alliance occurred in the Western District of Louisiana.

Additionally, Alliance's argument that under the contract language, the case could have been brought in the United States District Court for the Northern District of Illinois is of no moment. Although the claim *could* have been brought in that district, plaintiff was not required to do so. The contract states:

> This agreement shall be deem[ed] fully executed and performed in our place of business and shall be governed and construed in accordance with that state law and you expressly consent to jurisdiction of the State of Illinois, Cook County.[9]

Forum selection clauses can be either mandatory or permissive. "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." City of New Orleans v. Mun. Admin. Servs., 376 F.3d 501, 504 (5th Cir. 2004). Thus, an agreement conferring jurisdiction in one forum will not necessarily be interpreted as excluding jurisdiction elsewhere. The court in City of New Orleans explained:

> A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another. For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive. Keaty v. Freeport Indonesia, Inc., 503 F.2d 955 (5th Cir.1974). It is important to distinguish between jurisdiction and venue when interpreting such clauses. Although it is not necessary for such a clause to use the word "venue" or "forum," it must do more than establish that one forum will have jurisdiction.
>
> In Keaty, id. at 956, the clause in question read, "This agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York." The court held that this provision demonstrated consent to be subject to the jurisdiction of the courts of New York, but did not constitute a mandatory forum-selection clause, and was therefore insufficient to constitute a waiver of the right to removal.

Id.

---

[9] Rec. Doc. 9-3.

8

The contract language in the case at bar mirrors the language in Keaty, which was found to be a permissive form selection clause.  Thus, the clause in the Alliance contract is permissive, and does not preclude suit from being brought in a different venue, i.e., the Western District of Louisiana.

Accordingly, the undersigned finds that venue is proper in the United States District Court for the Western District of Louisiana.

*Conclusion*

Based on the foregoing, it is recommended that the motion to dismiss filed by defendant be **DENIED**.

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**

9

Signed at Lafayette, Louisiana, on May 8, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)